**People of State of Illinois, Defendant in Error, v. E. H. Gholson, Plaintiff in Error.**

**Gen. No. 10,471.**

Opinion filed May 16, 1951. Released for publication June 1, 1951.

BESSE & BESSE, of Sterling, and HUGH E. CHANCE, of Davenport, Iowa, for plaintiff in error.

■■■■

■■■■

LAWRENCE A. SMITH, State's Attorney, Carroll County, of Savanna, for defendant in error.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The Grand Jury in the circuit court of Carroll county at the June Term 1949, of said court presented an indictment against E. H. Gholson charging him with the unlawful practice of treating human ailments. The first count alleged: "That the defendant, on March 8, 1949, while not possessing a valid license of the State of Illinois, to practice the treatment of human ailments in any manner, did then and there unlawfully diagnosticate or attempt to diagnosticate an ailment or supposed ailment of another, to-wit: The ailment of one Donald McGinnis, as a misalignment of the second cervical vertebra."

Count Two alleged "that the defendant, on March 5, 1949, without possessing a valid license issued by the State of Illinois to practice the treatment of human ailments did unlawfully operate upon and profess to heal, prescribe for or otherwise treat an ailment of another, namely, Donald McGinnis by manipulating the spine, back and shoulders of said Donald McGinnis."

Count Three alleged "that the defendant on March 8, 1949 without possessing a valid license issued by the State of Illinois to practice the treatment of human ailments in any manner, did then and there unlawfully suggest, recommend or prescribe a form of treatment for the palliation, relief or cure of a physical or mental ailment of a person with the intention of receiving therefore either directly or indirectly, a fee, gift or compensation."

Count Four alleged "that the defendant, on March 8, 1949 without possessing a valid license, did unlawfully attach the title Doctor, Physician, Surgeon, M. D. or some other word or abbreviation to his name indicative

277

that he was engaged in the treatment of human ailments as a business, that he permitted his name to appear on a professional card as follows:

'E. H. Gholson, D. C.
Palmer Graduate Chiropractor
Member I.C.A. and I.C.R.B.
X-Ray and Neurocalometer Service
Second Floor Times Theater Bldg., Savanna, Illinois.'

That he permitted the same wording to appear on a professional pamphlet and substantially the same wording on a professional card on the First Floor of the Times Theater Building in Savanna, Illinois, and listed his name in the telephone directory of Savanna as follows: 'Gholson, E. H., Chiropractor', and in the classified directory under 'Chiropractors (D. C.)' the name 'E. H. Gholson.' "

Count Five alleged "that the defendant on March 8, 1949 without possessing a valid license therefor, did unlawfully maintain an office for the examination and treatment of persons afflicted or alleged or supposed to be afflicted with any ailment, to-wit: He maintained an office for the examination and treatment of persons afflicted or alleged or supposed to be afflicted with any ailment, which office was equipped with a treatment table, X-Ray machine, neurocalometer, Micro Dynameter and a Neurocalograph."

The defendant appeared in court and entered a plea of not guilty. The case was submitted to a jury that found the defendant guilty and fixed his punishment as a fine of $400 on each of the five Counts in the indictment. The court entered judgment against the defendant and fined him $2,000 and costs of suit. The case was brought to this court on a writ of error.

The defendant made a motion for leave to withdraw his plea of not guilty, and to make a motion

to quash the indictment. The court refused to grant this leave and it is now insisted that the court erred in doing so. The question has been presented to this court, and after a consideration of the indictment, we are satisfied that it is sufficiently definite and certain so that the defendant could easily prepare for his defense. The charge is mainly in the language of the statute.

The evidence is short and undisputed. The defendant himself did not testify, or present any evidence in his behalf. The first witness called was the Chief of Police of Savanna who stated that he was acquainted with E. H. Gholson and knew that he had an office in the Times Theater Building, and the wording as charged in the Fourth Count of the indictment was on the door of the office of the defendant.

Mrs. Clarence Christensen testified that she was a district clerk of the telephone company and she presented a telephone directory in which E. H. Gholson was listed in said directory under the name of Gholson, E. H., Chiropractor, Office Main Street, Savanna, Telephone No. 4242. Elnorma Norwood testified that she resided in Savanna, Illinois, and had known E. H. Gholson for three years; that she had worked for him when he was in the Times Theater Building; that there was a sign in front of the building which states: "Gholson Chiropractor"; that he had a telephone in his office, which number was 4242. She said that she had seen Gholson make examination of patients; that he would examine them while they were lying on the table; that he made adjustments with his hands on their spine; that Gholson calls himself a chiropractor and uses the initials D. C. which means doctor of chiropractic; that he adjusted persons' spinal columns and advised them to return at various times and has prescribed certain treatments.

██ Anna M. Moore testified that she resides at Dixon, Illinois, and that she is a circuit court reporter for Judge George C. Dixon and has been since 1933; that on July 18, 1949, she was the court reporter in a case entitled *"People v. Donald McGinnis* and took down the testimony in shorthand of Edward H. Gholson. He testified that his name was Edward H. Gholson and his occupation was chiropractor, and that he was engaged in that occupation at that time at 31 Third Street, Savanna, Illinois; that he had been a chiropractor since July 7, 1944, and was a Graduate of the Palmer School of Chiropractic, also the University of Illinois College of Pharmacy; that he was not licensed to practice chiropractic in the State of Illinois; that he knew Donald McGinnis and had seen him at his office; that he had seen him on the 8th and 9th of March and the 11th, 13th, 16th, 18th and 20th of May 1949. He stated that he had examined McGinnis at the time he came to his office, and had examined his spinal column and the lower lumbar area; that the second cervical vertebra was misaligned posterior, left and inferior; that he further testified the name of his profession that he practiced was chiropractic and he started to practice at Savanna, Illinois, on July 7, 1944. He stated that he was paid for his services by Mr. McGinnis." As stated before, this evidence was not disputed by the defendant and from the facts related by the various witnesses, it is our conclusion that the jury could come to no other conclusion than that the State had proven each and every count against the defendant, as charged in the indictment. It should be borne in mind that the right of the defendant to practice his profession is not involved in this suit, but only whether he has a proper license to do so.

 Complaint is made against the instructions of the court, especially as to those related to the sepa-

rate counts. Plaintiff in error's brief does not follow the rules of this court, neither does his abstract. All of the given and refused instructions should be incorporated in the abstract, but only the ones complained of by the plaintiff in error are incorporated in it. None of the instructions complained of are in the brief and argument, but we have considered the instructions which the court gave, and we have come to the conclusion that the defendant could in no wise be prejudiced by the instructions given.

On the whole, we think the defendant had a fair and impartial trial, and the judgment of the trial court should be and is hereby affirmed.

*Judgment affirmed.*